# EXHIBIT 5

NO. 11-CI-90254                          MONTGOMERY CIRCUIT COURT
                                                 DIVISION I

MELISSA MITCHELL and                                      PLAINTIFF
DARVIN MITCHELL

v.                            **COMPLAINT**
                          **WITH JURY DEMAND**



WAL-MART STORES, INC.                                     DEFENDANT

Serve:        CT Corporation System
              306 West Main Street
              Suite 512
              Frankfort, KY 40601

                              *****

        Come the Plaintiffs, Melissa Mitchell and Darvin Mitchell, by counsel, and for

their cause of action against the Defendant, Wal-Mart Stores, Inc., and respectfully state

as follows:

        1.      That the Plaintiffs were at all times relevant herein and are currently

residents of 5607 Moorefield Road, Carlisle, Kentucky, 40301.

        2.      That the Defendant, Wal-Mart Stores, Inc., is and was at all times herein

after mentioned a foreign corporation authorized to do business and so doing business in

the Commonwealth of Kentucky and having its principal office at 702 S.W. 8th Street,

MS #0555, Bentonville, Arkansas, 72716-0555, and has named CT Corporation Systems

as its agent for service of process.

        3.      That the Defendant, Wal-Mart Stores, Inc., owns and operates a Wal-Mart

store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353.



DEFENDANT'S
EXHIBIT
5

4.     That on or about August 3, 2011, the Defendant was the owner and keeper of said property.

5.     That on or about August 3, 2011, the Defendant negligently and carelessly maintained said premises by permitting a dangerous and defective condition to exist on said property.

6.     That the Defendant, by and through its agents, servants and/or employees knew or should have known of said conditions.

7.     That as a direct, proximate and legal cause of the Defendant's negligence and carelessness, as aforedescribed, the Plaintiff, Melissa Mitchell, fell at the aforementioned premises and was seriously and permanently injured on and about various parts of her body, both internally and externally, and suffered great physical pain and mental anguish.

8.     That as a direct result of the negligence of the Defendant as aforedescribed, the Plaintiff, Melissa Mitchell, for the treatment of her aforedescribed injuries incurred medical, hospital, and drug expenses and will in the future incur said expenses for said purposes.

9.     That as a direct result of the negligence of the Defendant, as aforedescribed, the Plaintiff, Melissa Mitchell, incurred lost wages, future lost earnings and a permanent impairment of her power to labor and earn money.

10.     That as a direct result of the negligence of the Defendant, as aforedescribed, the Plaintiff, Darvin Mitchell, has sustained a loss of services, assistance, aid, society, and companionship of his wife, Melissa Mitchell.

2

11.    That the damages complained of herein exceed the minimum jurisdictional amount of this general trial court.

WHEREFORE, the Plaintiffs, MELISSA MITCHELL and DARVIN MITCHELL, respectfully demand as follows:

1.    Judgment against the Defendant, Wal-Mart Stores, Inc., in an amount that is fair and reasonable to compensate the Plaintiffs for their losses, as aforedescribed, to be determined by the trier of fact;

2.    Trial by jury;

3.    Their costs herein expended, including a reasonable fee for their attorneys; and

4.    For any and all further relief to which they may appear to be entitled.

Respectfully submitted,

**TAD THOMAS**
**Attorney-at-Law**
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
(502) 736-8100
**Counsel for Plaintiffs**

3

 CT Corporation

**Service of Process Transmittal**
09/26/2011
CT Log Number 519208675

TO: Sheron Young, Operations Manager Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

RE: **Process Served in Kentucky**

FOR: Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Melissa Mitchell and Darvin Mitchell, Pltfs. vs. Wal-Mart Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Plaintiff's First Set of Interrogatories and Requests for Production, Certificate of Service |
| **COURT/AGENCY:** | Montgomery County Circuit Court, KY<br>Case # 11Cl90254 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - Failure to Maintain Premises in a Safe Condition - On August 3, 2011 at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/26/2011 postmarked on 09/23/2011 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days - Written defense // Within 45 days after receipt - Interrogatories/Production |
| **ATTORNEY(S) / SENDER(S):** | Tad Thomas<br>1800 Kentucky Home Life Building<br>239 South Fifth Street<br>Louisville, KY 40202<br>502.736.8100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/26/2011, Expected Purge Date: 10/01/2011<br>Image SOP<br>Email Notification, Scott LaScala-CT East CLS-VerificationEast@wolterskluwer.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| AOC-105          Doc. Code: CI | | Case No. | _lt CI-90254_ |
| Rev. 1-07 | **CIVIL SUMMONS** | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | County | Montgomery _Cir T_ |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

Melissa Mitchell and Darvin Mitchell

VS.

**DEFENDANT**

Wal-Mart Stores, Inc.

**Service of Process Agent for Defendant:**

CT Corporation System

306 West Main Street

Suite 512

Frankfort, KY  40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ____9-23____, 2_011_          _Tanya Terry_ _____Clerk

By: _____D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____.              Served by: _____ |
| _____Title |



FILED
TANYA P. TERRY

OCT 10 2011

MONTGOMERY CO. CIRCUIT DIST. COURT
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
MONTGOMERY CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 11-CI-90244

MELISSA MITCHELL and                                    PLAINTIFFS
DARVIN MITCHELL


v.                                **ANSWER**


WAL-MART STORES, INC.                                   DEFENDANTS


Defendant, Wal-Mart Stores, Inc., ("Wal-Mart"), by counsel, for its Answer to the

Complaint of the Plaintiffs, Melissa Mitchell and Darvin Mitchell, states as follows:

### FIRST DEFENSE

Wal-Mart states that the Plaintiffs' Complaint fails to state a claim against it upon which

relief may be granted and, therefore, should be dismissed and held for naught.

### SECOND DEFENSE

Wal-Mart states that on the occasion complained of in the Plaintiffs' Complaint, the

Plaintiff, Melissa Mitchell, caused her injuries and damages, through her own negligence and

Wal-Mart raises this as an affirmative defense to Plaintiffs' claims.

### THIRD DEFENSE

1.      Wal-Mart admits the averments contained in numerical paragraph two of

Plaintiffs' Complaint.

2.      Wal-Mart is without sufficient knowledge or information to admit or deny the

averments contained in numerical paragraphs 1 and 11 of Plaintiffs' Complaint and, therefore,

denies same.

3.     Wal-Mart denies the averments contained in numerical paragraph 3, 4, 5, 6, 7, 8, 9, and 10 of Plaintiffs' Complaint.

4.     Wal-Mart denies all averments not expressly admitted.

WHEREFORE, the Defendant, Wal-Mart Stores, Inc., prays that the Plaintiffs' Complaint be dismissed and held for naught, that all fault be apportioned pursuant to KRS 411.182, for its costs herein expended and for any and all other relief to which it may appear reasonably entitled, including trial by jury.

Respectfully submitted,

Christopher R. Cashen
Robert M. Croft, Jr.
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
Tel: (859) 425-1000
Fax:  (859) 425-1099
chris.cashen@dinsmore.com
robert.croft@dinsmore.com

*Counsel for Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer was served by U.S. Mail, postage prepaid on this the ___7___ day of ___Oct___, 2011 upon the following:

Tad Thomas
Attorney-at-Law
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

*Counsel for Wal-Mart Stores, Inc.*

424942v1

2

NO. 11-CI-90254                                    MONTGOMERY CIRCUIT COURT
                                                              DIVISION I


MELISSA MITCHELL and                                        PLAINTIFF
DARVIN MITCHELL

v.                          **NOTICE-MOTION-ORDER**

WAL-MART STORES, INC.                                       DEFENDANTS


*****

## **NOTICE**

All parties shall take notice that the following motion shall be heard at the convenience of the Court.

## **MOTION TO DISMISS**

Plaintiffs, Melissa and Darvin Mitchell, by counsel, move this Court to dismiss this lawsuit. The grounds for this Motion are as follows:

1. A Complaint was filed in the matter of Mitchell v. Wal-Mart on September 15, 2011, and assigned case #11-CI-00244.

2. Due to a mailing error, a second Complaint was filed in the matter of Mitchell v. Wal-Mart on September 23, 2011, and assigned case #11-CI-00254.

3. The second complaint is duplicative of the Complaint filed on September 15, 2011, and was inadvertently filed.

Plaintiffs respectfully request this Court enter the attached Order dismissing this case as duplicative and an administrative error, and refund Plaintiff's counsel filing fees.

**TAD THOMAS**
**Attorney-at-Law**
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
(502) 736-8100
Counsel for Plaintiffs

2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. mail, on the _27_ day of September 2011 to the following:

WAL-MART STORES, INC.
CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY  40601


_____
Tad Thomas

NO. 11-CI-90254                                                    MONTGOMERY CIRCUIT COURT
                                                                                DIVISION I


MELISSA MITCHELL and                                                                  PLAINTIFF
DARVIN MITCHELL

v.                                              PROPOSED ORDER

WAL-MART STORES, INC.                                                                 DEFENDANT

                                              ********

    On Motion of the Plaintiffs and the Court otherwise being sufficiently advised;

    It is hereby **ORDERED** that Case #11-CI-90254 is **DISMISSED** and Plaintiffs' counsel

is refunded his filing fees.



                                              _____
                                              JUDGE WILLIAM LANE

cc: Counsel of Record



COMMONWEALTH OF KENTUCKY
MONTGOMERY CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO.  11-CI-90244

MELISSA MITCHELL and                                                    PLAINTIFFS
DARVIN MITCHELL


v.                                **AGREED ORDER**


WAL-MART STORES, INC.                                                DEFENDANTS


     The parties having reached an agreement concerning the identity of the proper Wal-Mart

entity responsible for this store, and the Court having fully considered same;

     IT IS HEREBY ORDERED that Wal-Mart Stores East, LP shall be substituted for Wal-

Mart Stores, Inc. on all pleadings in this matter.  All of Plaintiffs' claims against Wal-Mart

Stores, Inc. are hereby DISMISSED WITH PREJUDICE.  Plaintiffs' claims against Wal-Mart

Stores East, LP remain.

     ORDERED THIS THE 19th DAY OF _October_, 2011.


                                              JUDGE, MONTGOMERY CIRCUIT
                                              COURT

OCT 21 2011

HAVE SEEN AND AGREED TO:

Tad Thomas
Attorney-at-Law
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
*Counsel for Plaintiffs,*
*Melissa and Darvin Mitchell*

Christopher R. Cashen
Robert M. Croft, Jr.
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
*Counsel for Wal-Mart Stores, Inc.*

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Agreed Order was served by U.S. Mail, postage prepaid on this the _20_ day of _October_, 2011 upon the following:

Tad Thomas
Attorney-at-Law
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202


Christopher R. Cashen
Robert M. Croft, Jr.
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507

CLERK, MONTGOMERY
CIRCUIT COURT

424965v1

3



COMMONWEALTH OF KENTUCKY
MONTGOMERY CIRCUIT COURT
DIVISION NO. I
CIVIL ACTION NO. 11-CI-90244

MELISSA MITCHELL and
DARVIN MITCHELL

PLAINTIFFS

v.

## NOTICE TO TAKE DEPOSITIONS

WAL-MART STORES, INC.

DEFENDANT

* * * * *

Defendant, Wal-Mart Stores, Inc., by counsel, will take the following depositions at **Dinsmore & Shohl, 250 W. Main Street, Suite 1400, Lexington, Kentucky** on **December 1, 2011,** continuing until completed, holidays excepted:

**Melissa Mitchell – 9:30 a.m.**

**Darvin Mitchell - 11:30 a.m.**

Said depositions will be taken for purposes of discovery and all other purposes permitted by the State Rules of Civil Procedure.

Respectfully submitted,

Christopher R. Cashen
Robert M. Croft, Jr.
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
Tel: (859) 425-1000
Fax: (859) 425-1099
chris.cashen@dinsmore.com
robert.croft@dinsmore.com

*Counsel for Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid on this the __24__ day of October, 2011 upon the following:

Tad Thomas
Attorney-at-Law
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

_Counsel for Wal-Mart Stores, Inc._

cc:     An/Dor Reporting
        179 E. Maxwell Street
        Lexington, Kentucky  40508
        (859) 254-0568

426419v1

2

NO. __11-CI-90284__                    MONTGOMERY CIRCUIT COURT
                                       DIVISION __I__

MELISSA MITCHELL and                            PLAINTIFFS
DARVIN MITCHELL


### PLAINTIFFS' FIRST SET OF INTERROGATORIES
v.          ### AND REQUESTS FOR PRODUCTION OF DOCUMENTS
            ### PROPOUNDED TO DEFENDANT, WAL-MART STORES, INC.


WAL-MART STORES, INC.                           DEFENDANTS


*****


Pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, Plaintiffs,
MELISSA MITCHELL and DARVIN MITCHELL, propound the following
Interrogatories and Requests for Production of Documents for answering by Defendant,
WAL-MART STORES, INC. These Interrogatories and Requests for Production of
Documents are to be answered by the Defendant, under oath, and served upon Plaintiffs'
undersigned attorney no later than forty-five (45) days after receipt thereof at the offices
of Tad Thomas, 1800 Kentucky Home Life Building, 239 South Fifth Street, Louisville,
Kentucky, 40202.

If any of these Interrogatories and/or Requests for Production of Documents
cannot be answered in full, after exercising due diligence to secure the information to do
so, please answer to the extent possible, specifying the reason for your inability to answer
the remainder, and stating whatever information or knowledge you have concerning the
unanswered portion.


1

As to each document you withhold from production, please identify it by description (memos, contract, letters, handwritten notes, etc.) date, author, recipient(s), number of pages and subject matter, and state the basis for the refusal to produce it. You are requested to segregate documents produced according to the particular numbered request to which they respond, and in producing the required documents, to indicate which documents pertain to which numbered request.

This Request for Production of Documents is intended to cover all documents in the possession of Defendant, WAL-MART STORES, INC., or subject to Defendant, WAL-MART STORES, INC, control or custody, including documents in the possession of Defendant's agents, attorneys, or other representative, wherever located.

These Interrogatories and Requests for Production of Documents shall be continuing in nature, requiring timely additions or supplements as further answers, information and documents become available to Defendant, WAL-MART STORES, INC., and/or Defendant's agents or attorneys.

## DEFINITIONS AND INSTRUCTIONS FOR ANSWERING

1. COMMUNICATION. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

2. DOCUMENTS. As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded, or graphic matter,

however produced or reproduced, including but not limited to, any book, pamphlet, periodical, letter, correspondence, telegram, invoice, contract, purchase order, estimate, report, memorandum, intra-office communication, working paper, record, study, paper, worksheet, cost sheet, estimating sheet, bids, bills, time cards, work records, chart, graph, index, data sheet, data processing card, tape recordings or transcription thereof, photographs, objects, or tangible things and all other materials of conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control, in the possession, custody or control of your agents or attorneys, or which was, but is no longer in, your possession, custody or control, which would constitute or contain evidence relating to any matter which is relevant to the subject matter involved in this proceeding.

3. <u>EXPERT.</u>  As used herein, "expert" means a person who has been consulted by a party and whom counsel for such party plans to call as a witness at trial or other hearing to testify concerning matters requiring expertise, knowledge, skill, education, training and experience not possessed by ordinary lay people.

4. <u>IDENTIFICATION.</u>  As used herein, the terms "identification", "identify", or "identity" when used in reference to a person or persons mean to state the name, address, and telephone number of each such person and the name of the present employer and place of employment of each such person.  When used in reference to a document or documents such terms mean to describe each document by date, subject matter, name of each person who wrote, signed, initialed, dictated or otherwise participated in the creation or obtaining of such document, the name of the addressee (if any) and if it now exists, the name and address of each person having custody of such document.  When used in

reference to an act, event, occurrence, communication, statement or conduct (hereinafter collectively referred to a "act", "identify", "state" and "describe: mean:

(a) To describe the event or events constituting such act;

(b) To state the date when such act occurred;

(c) To identify each person participating in such acts;

(d) To identify each other person, if any, present when such act occurred;

(e) To identify each document which in any way refers to, discusses, analyzes, comments upon or otherwise relates to such acts; and

(f) To state whether each such document now exists.

5. <u>IDENTIFICATION OF DOCUMENT.</u>  With respect to each Interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.  If any documents identified herein are no longer in your possession, custody, or control because of destruction, loss or any other reason, then, with respect to each and every document:

(a) Describe the nature of the document (e.g., letter or memorandum);

(b) State the date of the document;

(c) Identify the persons who sent and received the original and a copy of the document;

(d) State in as much detail as possible the contents of the documents; and

(e) State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any and all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or other grounds, then with respect to each and every document:

(a) Describe the nature of the document (e.g., letter or memorandum);

(b) State the date of the document;

(c) Identify the person who sent and received the original and a copy of the document;

(d) State the subject matter of the document; and

(e) State the basis upon which you contend you are entitled to withhold the document from production.

6. OR. As used herein the word "or" appearing in an Interrogatory should not be read to eliminate any part of the Interrogatory, but, whenever applicable, it should have the same meaning as the word "and". For example, an Interrogatory stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

7. REPRESENTATIVE. As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

8. STATE THE BASIS. When an Interrogatory requires you to "state the basis" of a particular claim, contention, or allegation, state in your answer each and every fact and each and every legal theory that supports, refers to, or is evidence of such claim, contention, or allegation.

9. YOU. As used herein, the terms "you", "your", or "yourself" refer to Defendant, WAL-MART STORES, INC., and each of the Defendant's agents, servants,

employees, representatives, attorneys and each person acting on behalf of Defendant, WAL-MART STORES, INC.

10.  All information is to be divulged which is in your possession or control.

11.  Where an Interrogatory calls for an answer in more than one part, each part should be separated so that the answer is clearly understandable.

12.  You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is a failure to answer.

## INTERROGATORIES

INTERROGATORY NO. 1:   Please **identify** the individual or individuals participating in the Answers to these Interrogatories.  Please state the individual's name, title and relationship to the Defendant, WAL-MART STORES, INC.

ANSWER:


INTERROGATORY NO. 2:   Please **identify** any and all individuals having knowledge of the occurrence forming the subject matter of the Complaint.  For each individual please state their relationship to the Defendant, WAL-MART STORES, INC., (i.e. employee, customer, etc.) and what knowledge you believe they possess in relation to the occurrence forming the subject matter of the Complaint.  For Wal-Mart employees please state their position and dates of employment with the company.  If the employee is no longer employed by Wal-Mart please also provide their last known address and telephone number.

ANSWER:

INTERROGATORY NO. 3:   Please **identify** any and all persons or other entities who you believe may have caused the Plaintiff, Melissa Mitchell's, injuries.  For each, please state the basis on which you form such an opinion.

ANSWER:


INTERROGATORY NO. 4:   Please state whether or not an investigation was performed as the result of the injuries sustained by the Plaintiff, Melissa Mitchell.  If so, please **identify** the individual or individuals performing said investigation.  Also, please **identify** the **documents** generated in said investigation with sufficient particularity to form a request of production of documents.

ANSWER:


INTERROGATORY NO. 5: Please   **identify**   all   agents,   servants   and/or employees on the premises of the Wal-Mart store at the time of the incident forming the subject matter of the Complaint.  For each individual listed please state their title, position and job description.

ANSWER:


INTERROGATORY NO. 6: Please set forth in detail any and all policies and procedures in place at the Wal-Mart store for monitoring the presence of substances on floors in areas frequented by customers and cleanup of those substances.

ANSWER:

INTERROGATORY NO. 7: Please **identify** any and all individuals suffering injury or alleged injury at the Wal-Mart store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353, during the years 2005 to the present. For each incident please state the name of the individual or individuals involved in the incident, the date of the incident, the individual's relationship the Defendant, WAL-MART STORES, INC., and a brief description of the incident and the injuries sustained.

ANSWER:


INTERROGATORY NO. 8:  Do you have any video recordings, photographs, maps, diagrams or drawings prepared regarding this case? If yes, **please identify such documents or exhibits** prepared and the name and address of the person in possession thereof.

ANSWER:


INTERROGATORY NO. 9:   With regard to each **expert** witness you intend to call at the trial of this action please state:

a. The name, address, last place of employment of each such person;

b. The substance of the facts to which the person is expected to testify;

c. The opinion(s) to which such person is expected to testify;

d. A summary of the grounds for each such opinion;

e. The data or other information considered in forming such opinion;

f. A summary of all reports rendered by such expert including the date each such report was made;

8

g. Any and all other disclosure required pursuant to CR 26.

ANSWER:


## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:  Please produce copies of any and all **documents** in your possession related to the incident forming the subject matter of the Complaint including, but not limited to, incident or accident reports, photographs, video recordings, investigative reports and/or witness statements.

RESPONSE:


REQUEST NO. 2:  Please produce color copies of any and all photographs of the area in which the incident occurred and/or Plaintiffs.

RESPONSE:


REQUEST NO. 3:  Please produce copies of any and all maps, photographs, diagrams and or exhibits described in Interrogatory Number Eight.

RESPONSE:


REQUEST NO. 4:  Please produce a map of the Wal-Mart store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353.

RESPONSE:

REQUEST NO. 5: Please produce copies of any and all incident reports, accident reports and/or similar documents filed by customers suffering injury and/or alleged injury at the Wal-Mart store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353, between 2005 - today including Plaintiffs.

RESPONSE:


REQUEST NO. 6:  Please produce a copy of any video tape, video disc or other visual media generated from security or surveillance cameras depicting Plaintiff, Melissa Mitchell, in the incident forming the subject matter of this Complaint or the area of Plaintiff, Melissa Mitchell's, injury for the one (1) hour before and after the incident.

RESPONSE:


REQUEST NO. 7:  Please produce any **documents** in your possession related to the Plaintiffs or the incident forming the subject matter of the Complaint which have not been produced in response to one of the previous Requests.

RESPONSE:


REQUEST NO. 8:  Please produce copies of any and all written policies and procedures described in Interrogatory Number 6.

RESPONSE:

REQUEST NO. 9:   Please produce copies of any document identified in Interrogatory Number 4.

RESPONSE:

Respectfully submitted,

TAD THOMAS
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
(502) 736-8100

Counsel for Plaintiffs

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. mail on the ____30____ day of August 2011 to the following:

CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY  40601

Tad Thomas



UNITED STATES POSTAGE
PITNEY BOWES
$ 006.43⁰
02 1P
0003078524   SEP 23 2011
MAILED FROM ZIP CODE 40353

CERTIFIED MAIL

7011 0470 0000 7301 0319

TANYA P. TERRY
CIRCUIT COURT CLERK
MONTGOMERY CIRCUIT
MONTGOMERY COUNT
1 COURT STREET, P.C
MOUNT STERLING, KENTUCKY 40353-0827

CI 11-CI-90254
621309

WALMART STORES, INC.,
CT CORPORATION SYSTEM
306 WEST MAIN STREET, STE 512
FRANKFORT KY 40601

4060131840 0003

NO. _____                              MONTGOMERY CIRCUIT COURT
                                                     DIVISION _____

MELISSA MITCHELL and                                        PLAINTIFFS
DARVIN MITCHELL


**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**v.      AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED TO DEFENDANT, WAL-MART STORES, INC.**


WAL-MART STORES, INC.                                       DEFENDANTS


*****

Pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, Plaintiffs,

MELISSA MITCHELL and DARVIN MITCHELL, propound the following

Interrogatories and Requests for Production of Documents for answering by Defendant,

WAL-MART STORES, INC.  These Interrogatories and Requests for Production of

Documents are to be answered by the Defendant, under oath, and served upon Plaintiffs'

undersigned attorney no later than forty-five (45) days after receipt thereof at the offices

of Tad Thomas, 1800 Kentucky Home Life Building, 239 South Fifth Street, Louisville,

Kentucky, 40202.

If any of these Interrogatories and/or Requests for Production of Documents

cannot be answered in full, after exercising due diligence to secure the information to do

so, please answer to the extent possible, specifying the reason for your inability to answer

the remainder, and stating whatever information or knowledge you have concerning the

unanswered portion.

1

As to each document you withhold from production, please identify it by description (memos, contract, letters, handwritten notes, etc.) date, author, recipient(s), number of pages and subject matter, and state the basis for the refusal to produce it. You are requested to segregate documents produced according to the particular numbered request to which they respond, and in producing the required documents, to indicate which documents pertain to which numbered request.

This Request for Production of Documents is intended to cover all documents in the possession of Defendant, WAL-MART STORES, INC., or subject to Defendant, WAL-MART STORES, INC, control or custody, including documents in the possession of Defendant's agents, attorneys, or other representative, wherever located.

These Interrogatories and Requests for Production of Documents shall be continuing in nature, requiring timely additions or supplements as further answers, information and documents become available to Defendant, WAL-MART STORES, INC., and/or Defendant's agents or attorneys.

## DEFINITIONS AND INSTRUCTIONS FOR ANSWERING

1. COMMUNICATION. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

2. DOCUMENTS. As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded, or graphic matter,

however produced or reproduced, including but not limited to, any book, pamphlet, periodical, letter, correspondence, telegram, invoice, contract, purchase order, estimate, report, memorandum, intra-office communication, working paper, record, study, paper, worksheet, cost sheet, estimating sheet, bids, bills, time cards, work records, chart, graph, index, data sheet, data processing card, tape recordings or transcription thereof, photographs, objects, or tangible things and all other materials of conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control, in the possession, custody or control of your agents or attorneys, or which was, but is no longer in, your possession, custody or control, which would constitute or contain evidence relating to any matter which is relevant to the subject matter involved in this proceeding.

3. <u>EXPERT.</u>  As used herein, "expert" means a person who has been consulted by a party and whom counsel for such party plans to call as a witness at trial or other hearing to testify concerning matters requiring expertise, knowledge, skill, education, training and experience not possessed by ordinary lay people.

4. <u>IDENTIFICATION.</u>  As used herein, the terms "identification", "identify", or "identity" when used in reference to a person or persons mean to state the name, address, and telephone number of each such person and the name of the present employer and place of employment of each such person.  When used in reference to a document or documents such terms mean to describe each document by date, subject matter, name of each person who wrote, signed, initialed, dictated or otherwise participated in the creation or obtaining of such document, the name of the addressee (if any) and if it now exists, the name and address of each person having custody of such document. When used in

reference to an act, event, occurrence, communication, statement or conduct (hereinafter collectively referred to a "act", "identify", "state" and "describe: mean:

(a) To describe the event or events constituting such act;

(b) To state the date when such act occurred;

(c) To identify each person participating in such acts;

(d) To identify each other person, if any, present when such act occurred;

(e) To identify each document which in any way refers to, discusses, analyzes, comments upon or otherwise relates to such acts; and

(f) To state whether each such document now exists.

5. <u>IDENTIFICATION OF DOCUMENT.</u>  With respect to each Interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.  If any documents identified herein are no longer in your possession, custody, or control because of destruction, loss or any other reason, then, with respect to each and every document:

(a) Describe the nature of the document (e.g., letter or memorandum);

(b) State the date of the document;

(c) Identify the persons who sent and received the original and a copy of the document;

(d) State in as much detail as possible the contents of the documents; and

(e) State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any and all documents identified herein on the basis of attorney-client privilege, the work-product doctrine, or other grounds, then with respect to each and every document:

(a) Describe the nature of the document (e.g., letter or memorandum);

(b) State the date of the document;

(c) Identify the person who sent and received the original and a copy of the document;

(d) State the subject matter of the document; and

(e) State the basis upon which you contend you are entitled to withhold the document from production.

6. <u>OR.</u> As used herein the word "or" appearing in an Interrogatory should not be read to eliminate any part of the Interrogatory, but, whenever applicable, it should have the same meaning as the word "and". For example, an Interrogatory stating "support or refer" should be read as "support and refer" if an answer that does both can be made.

7. <u>REPRESENTATIVE.</u> As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

8. <u>STATE THE BASIS.</u> When an Interrogatory requires you to "state the basis" of a particular claim, contention, or allegation, state in your answer each and every fact and each and every legal theory that supports, refers to, or is evidence of such claim, contention, or allegation.

9. <u>YOU.</u> As used herein, the terms "you", "your", or "yourself" refer to Defendant, WAL-MART STORES, INC., and each of the Defendant's agents, servants,

5

employees, representatives, attorneys and each person acting on behalf of Defendant, WAL-MART STORES, INC.

10. All information is to be divulged which is in your possession or control.

11. Where an Interrogatory calls for an answer in more than one part, each part should be separated so that the answer is clearly understandable.

12. You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is a failure to answer.

## INTERROGATORIES

INTERROGATORY NO. 1:  Please **identify** the individual or individuals participating in the Answers to these Interrogatories.  Please state the individual's name, title and relationship to the Defendant, WAL-MART STORES, INC.

ANSWER:


INTERROGATORY NO. 2:  Please **identify** any and all individuals having knowledge of the occurrence forming the subject matter of the Complaint.  For each individual please state their relationship to the Defendant, WAL-MART STORES, INC., (i.e. employee, customer, etc.) and what knowledge you believe they possess in relation to the occurrence forming the subject matter of the Complaint.  For Wal-Mart employees please state their position and dates of employment with the company.  If the employee is no longer employed by Wal-Mart please also provide their last known address and telephone number.

ANSWER:

INTERROGATORY NO. 3:  Please **identify** any and all persons or other entities who you believe may have caused the Plaintiff, Melissa Mitchell's, injuries.  For each, please state the basis on which you form such an opinion.

ANSWER:


INTERROGATORY NO. 4:  Please state whether or not an investigation was performed as the result of the injuries sustained by the Plaintiff, Melissa Mitchell.  If so, please **identify** the individual or individuals performing said investigation.  Also, please **identify** the **documents** generated in said investigation with sufficient particularity to form a request of production of documents.

ANSWER:


INTERROGATORY NO. 5:  Please **identify** all agents, servants and/or employees on the premises of the Wal-Mart store at the time of the incident forming the subject matter of the Complaint.  For each individual listed please state their title, position and job description.

ANSWER:


INTERROGATORY NO. 6:  Please set forth in detail any and all policies and procedures in place at the Wal-Mart store for monitoring the presence of substances on floors in areas frequented by customers and cleanup of those substances.

ANSWER:


7

INTERROGATORY NO. 7: Please **identify** any and all individuals suffering injury or alleged injury at the Wal-Mart store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353, during the years 2005 to the present. For each incident please state the name of the individual or individuals involved in the incident, the date of the incident, the individual's relationship the Defendant, WAL-MART STORES, INC., and a brief description of the incident and the injuries sustained.

ANSWER:


INTERROGATORY NO. 8:   Do you have any video recordings, photographs, maps, diagrams or drawings prepared regarding this case?  If yes, **please identify such documents or exhibits** prepared and the name and address of the person in possession thereof.

ANSWER:


INTERROGATORY NO. 9:   With regard to each **expert** witness you intend to call at the trial of this action please state:

a. The name, address, last place of employment of each such person;

b. The substance of the facts to which the person is expected to testify;

c. The opinion(s) to which such person is expected to testify;

d. A summary of the grounds for each such opinion;

e. The data or other information considered in forming such opinion;

f. A summary of all reports rendered by such expert including the date each such report was made;

8

g. Any and all other disclosure required pursuant to CR 26.

ANSWER:


## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:  Please produce copies of any and all **documents** in your possession related to the incident forming the subject matter of the Complaint including, but not limited to, incident or accident reports, photographs, video recordings, investigative reports and/or witness statements.

RESPONSE:


REQUEST NO. 2:  Please produce color copies of any and all photographs of the area in which the incident occurred and/or Plaintiffs.

RESPONSE:


REQUEST NO. 3:  Please produce copies of any and all maps, photographs, diagrams and or exhibits described in Interrogatory Number Eight.

RESPONSE:


REQUEST NO. 4:  Please produce a map of the Wal-Mart store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353.

RESPONSE:

REQUEST NO. 5: Please produce copies of any and all incident reports, accident reports and/or similar documents filed by customers suffering injury and/or alleged injury at the Wal-Mart store located at 499 Indian Mound Drive, Mount Sterling, Kentucky, 40353, between 2005 - today including Plaintiffs.

RESPONSE:


REQUEST NO. 6:  Please produce a copy of any video tape, video disc or other visual media generated from security or surveillance cameras depicting Plaintiff, Melissa Mitchell, in the incident forming the subject matter of this Complaint or the area of Plaintiff, Melissa Mitchell's, injury for the one (1) hour before and after the incident.

RESPONSE:


REQUEST NO. 7:  Please produce any **documents** in your possession related to the Plaintiffs or the incident forming the subject matter of the Complaint which have not been produced in response to one of the previous Requests.

RESPONSE:


REQUEST NO. 8:  Please produce copies of any and all written policies and procedures described in Interrogatory Number 6.

RESPONSE:

10

REQUEST NO. 9:   Please produce copies of any document identified in Interrogatory Number 4.

RESPONSE:

Respectfully submitted,

TAD THOMAS
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
(502) 736-8100

Counsel for Plaintiffs

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. mail on the _14_ day of August 2011 to the following:

CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY  40601

_____
Tad Thomas

12

COMMONWEALTH OF KENTUCKY
MONTGOMERY CIRCUIT COURT
DIVISION I
CASE NO. 11-CI-90244

MELISSA MITCHELL and
DARVIN MITCHELL                                                    PLAINTIFFS

v.

WAL-MART STORES, INC.                                           DEFENDANTS

## DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart"), by counsel, propounds and serves the following Interrogatories and Request for Production of Documents upon the Plaintiffs, Melissa Mitchell and Darvin Mitchell, to be responded to fully and under oath by said Plaintiff within thirty (30) days from date of service.  Said discovery requests are propounded pursuant to Civil Rules 33 and 34 and are to be used for all purposes recognized under the Rules of Civil Procedure.

For all requests, "incident" means the events that occurred on August 3, 2011, for which you are bringing this action.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Please state the name and address of the person responding to these Interrogatories and if this person is the Plaintiff provide your full name as it appears on your birth certificate, date and place of birth, marital status, names you have used besides that which appears on your certificate, social security number or tax identification

1

number, Plaintiff's Medicare health insurance claim number and places and dates of residence for the past ten (10) years. If the Plaintiff is not the injured party please state the nature of the Plaintiffs relationship to the injured party.

**RESPONSE:**

**INTERROGATORY NO. 2:**   Please detail your employment history for the past ten (10) years, up to the date that these interrogatories are responded to, by stating separately for each employer its name, address, your job position, rate of pay and date of employment.

**RESPONSE:**

**INTERROGATORY NO. 3:**   Please state what formal education, vocational training, specialized courses or other education training you have had and also identify by name and address all schools or other educational institutions you have attended, identifying the grade level or degree achieved or the type of training received.

**RESPONSE:**

**INTERROGATORY NO. 4:**   Please describe how you contend the incident occurred, giving all the events, in detail, in the order in which they occurred, before, at the time of, and after the incident, which had any bearing on the cause and manner of the happening of the incident.

**RESPONSE:**

**INTERROGATORY NO. 5:**   Please state the names, addresses, telephone numbers, and places of employment of all lay or fact witnesses knowledgeable about the claims being made in this lawsuit who are known to you, your agents, or attorneys to be witnesses to the alleged incident.  For each person identified state:

    (a)     The person's relationship to you;

    (b)     Summary of the substance of the witness's expected knowledge of the events;

    (c)     Location of witness at the time of the incident;

    (d)     Whether you, your agents or your attorneys have taken the witness's statement.

**RESPONSE:**


**INTERROGATORY NO. 6:**   State the names, addresses and telephone numbers of all persons who may be called on your behalf as a witness at the trial of this action and the subject matter on which the witness is expected to testify.

**RESPONSE:**


**INTERROGATORY NO. 7:**   With regard to any expert who may be called as a witness at the trial on your behalf, state his or her name, address, telephone number, expert qualifications and, state all information required by CR 26.

**RESPONSE:**


**INTERROGATORY NO. 8:**   Describe in detail the nature of any physical and/or emotional injuries which you claim you sustained as a result of the incident in question, including:

(a)     The extent and duration of any injury;

(b)     Any restriction of your normal activities and the nature and duration of such

restriction.

**RESPONSE:**


**INTERROGATORY NO. 9:**   Identify by name and address each health care professional, hospital and health care facility, including mental health professionals, you have consulted and or treated for all injuries or conditions which you allege you suffered as a result of this incident.

**RESPONSE:**


**INTERROGATORY NO. 10:**   Please itemize the medical expenses which you have incurred and which you allege are attributable to the subject incident.

**RESPONSE:**


**INTERROGATORY NO. 11:**   Please list the names and addresses of all of your treating physicians, including, but not limited to, family doctors, chiropractors, and osteopaths, prior to the incident in question and provide a brief explanation of the type of treatment or the physical or mental condition which necessitated the treatment.

**RESPONSE:**


**INTERROGATORY NO. 12:**   With respect to each injury and condition which you are claiming to have sustained as a result of the incident, please state whether you have ever, <u>before</u>

4

the date of the incident involved herein, suffered from a similar injury or affliction, (or injury to same body part) whether or not the prior injury or affliction resulted in medical treatment or hospitalization, and, if so, please provide the details as to the nature of the previous injury or affliction, dates thereof and whether or not medical treatment or hospitalization was required.

**RESPONSE:**

**INTERROGATORY NO. 13:**   State whether you have suffered any injuries <u>since</u> the date of the subject incident.  If so, please state the date and circumstances surrounding each injury, and any medical treatment sought as a result of said injury.

**RESPONSE:**

**INTERROGATORY NO. 14:**  Please indicate whether you suffer any ongoing physical or mental impairment resulting from the injury, the nature of the impairment, and whether you are receiving medical treatment or expect to receive medical treatment for such impairment in the future.

**RESPONSE:**

**INTERROGATORY NO. 15:**  Pursuant to CR 8.01 please set forth the amount of damages you seek for:

    (a)     Medical expenses;

    (b)     Lost wages and impairment to ability to earn wages;

    (c)     Compensatory and incidental damages; and

    (d)     Any other element of damages sought in this action.

5

**RESPONSE:**

**INTERROGATORY NO. 16:**   With respect to the allegations in paragraphs 5, 6, 7, 8, 9 and 10 of your Complaint, provide a detailed description of the alleged slip and fall accident.

**RESPONSE:**

**INTERROGATORY NO. 17:**   Will you promptly supplement your responses to these interrogatories and the requests for production of documents which follow to include information and documents acquired by you after the filing of your responses to these interrogatories and responses to requests for production of documents?

**RESPONSE:**

**INTERROGATORY NO. 18:**   If you have ever been a party to any lawsuit in your life, please state the name of each case, your involvement in the case, where the case was filed, the outcome of the case, and the approximate date the case was filed.  As part of your response to this interrogatory, please specify whether you have ever made a claim in the course of any lawsuit or administrative proceeding (including worker's compensation) for any personal injury.

**RESPONSE:**

**INTERROGATORY NO. 19:**   Have you ever been convicted of or pled guilty, or pled no contest to a misdemeanor or felony charge and, if so, where, when, and of what charge or charges?

**RESPONSE:**

6

**INTERROGATORY NO. 20:**   Do you now suffer or have you ever suffered from any of the following diseases or afflictions: high blood pressure, heart disease, tuberculosis, emphysema, nervous breakdown, psychiatric, mental or emotional disorder, cancer, kidney disease, epilepsy, arthritis or other joint disease, loss of sight or hearing, alcoholism, drug addiction, or any other physical or mental condition which resulted in any temporary or permanent impairment or disability and, if so, please provide complete details.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**      Pursuant to CR 34, you are requested to produce and/or permit inspection and copying of the following within thirty (30) days of the date of service hereof:

(a)     All medical records relating to injuries and/or conditions identified in your responses to interrogatories;

(b)     All photographs, diagrams, drawings, documents, treatises, publications, manuals or other tangible evidence identified m your responses to the foregoing interrogatories;

(c)     Your federal and state income tax returns for the preceding five (5) years;

(d)     All documents supporting the damages claimed herein;

(e)     All photographs, videotapes or other visual representations of your physical condition subsequent to this incident which you may use at trial;

7

(f)     All insurance policies in the possession of you, your agents, representatives or anyone hired on your behalf and under which you received any compensation as a result of the subject incident;

(g)     A curriculum vitae for each person you intend to call as an expert witness at trial;

(h)     All reports or documents received by you or your representatives which relate in any way to this incident, including reports of medical experts, engineering experts, economic experts, government agencies, investigators, insurance companies, or police departments;

(i)     All other exhibits which may be introduced by you at the trial herein; and

(j)     Any and all Mt. Sterling Wal-Mart documents or tangible things pursuant to CR 34.01 received from any source in the possession of or under the control of you or your representative, which you claim have been generated by Mt. Sterling Wal-Mart or any agent, servant or representative thereof, and/or certain admissions against the defendant[s] named in this lawsuit.

(k)     Defendant requests, pursuant to Rule 34 of the Rules of Civil Procedure, that Plaintiff execute and return to Defendant authorizations to (1) permit the inspection and copying of medical records which are within the control of the Plaintiff but are in the custody of another (see attached form); (2) permit this Defendant to obtain other federal tax returns, Social Security, school records, and employment records.

Pursuant to 45 CFR § 164 ("HIP AA"), by signing this medical information release, the Plaintiff is hereby put on notice that medical records will be requested of each medical provider disclosed during the course of this

litigation.  Information contained in Plaintiff's medical records shall be disclosed only to the parties, counsel of record in this action or only to individuals employed by or assisting counsel in preparation for, or at the trial of this action.

(l)      All video tapes or audio tapes of any portion of the Mt. Sterling Wal-Mart's property, store, parking lot, or concerning any Mt. Sterling Wal-Mart agent, servant, employee, associate or representative, past or present.

**RESPONSE:**

Respectfully submitted,

CHRISTOPHER R. CASHEN
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Telephone: 859-425-1000
Facsimile: 859-425-1099

_____
Counsel for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U. S. Mail, on this the ____ day of October, 2011:

Tad Thomas
1800 Kentucky Home Life Building
230 South Fifth Street
Louisville, Kentucky 40202
Counsel for Plaintiffs

_____
Counsel for Defendant

9

425829v1

## MEDICAL AUTHORIZATION

PATIENT NAME:   Melissa Mitchell

TO:   _____

ADDRESS:   _____

      Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, the above-referenced health care provider is hereby authorized to release to Dinsmore & Shohl, LLP, 250 West Main Street, Suite 1600, Lexington, Kentucky 40507, or any of its partners, employees, or agents, *all medical records, including but not limited to correspondence, progress notes, office notes, consultation records, physical therapy records, emergency room records, operative records, nursing notes, history and physical examinations, discharge summaries, in-patient records, out-patient records, mental health records, psychiatric records (exclusive of psychotherapy notes), chemical dependency records, HIV-related records, pharmacy and drug records, x-ray, diagnostic and/or imaging films, MRI's, or PET Scans and/or reports, as well as medical expenses* concerning any medical treatment received by Melissa Mitchell, from the above-referenced health care provider. A photostatic copy hereof shall be as valid as the original authorization. The cost to photocopy said records shall be charged to Dinsmore & Shohl, LLP.

      The purpose of this authorization and request is to obtain medical records pertaining to the patient's physical and mental condition, which may be relevant as it pertains to a certain personal injury litigation. This authorization expires at the conclusion of said litigation. The aforementioned expiration date has not passed, as this litigation is current and ongoing,

      The patient has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the above-referenced health care provider and Dinsmore & Shohl, LLP. The patient understands that a revocation will not have any effect on any actions the above-referenced health care provider took before it received the revocation.

      The above-referenced health care provider may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

      Dated this the __ day of _____ , 2011.

_____

Melissa Mitchell

SSN: _____

DOB: _____

STATE OF _____ )
                            )
COUNTY OF _____ )

      The foregoing instrument was acknowledged before me by Melissa Mitchell on this ____ day of _____ _____, 2011.

My Commission expires: _____

_____

NOTARY PUBLIC

## <u>AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS</u>

RE:    Name:        Melissa Mitchell
          Date of birth:    _____
          SSN:           _____

TO WHOM IT MAY CONCERN:

This is to authorize any institution to furnish to DINSMORE & SHOHL LLP and/or Christopher R. Cashen and/or Libby Herron, 250 West Main Street, Suite 1400, Lexington, Kentucky 40507, **all** employment records including, but not limited to, payroll records, attendance records, disciplinary records and medical records of the undersigned that you may have in your custody or under your control.   Your full cooperation is requested.

A copy of this authorization shall be treated as effective as the original.

Dated this the _____ day of _____, 2011.


_____
MELISSA MITCHELL

STATE OF _____

COUNTY OF _____

SUBSCRIBED AND SWORN to before me by Melissa Mitchell on this the _____ day of _____,2011.

My commission expires:


_____
NOTARY PUBLIC, STATE AT LARGE,
KENTUCKY

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information

**TO:** Social Security Administration

Melissa Mitchell
_____   _____   _____
Name                  Date of Birth          Social Security Number

I authorize the Social Security Administration to release information or records about me to:

NAME                                    ADDRESS

Dinsmore & Shohl, LLP                   250 West Main Street, Suite 1400

                                        Lexington, KY  40507

I want this information released because:
Melissa Mitchell v. Wal-Mart, Montgomery Circuit Court, 11-CI-90244

(There may be a charge for releasing information.)

Please release the following information:

- ☒ Social Security Number
- ☐ Identifying information (includes date and place of birth, parents' names)
- ☐ Monthly Social Security benefit amount
- ☐ Monthly Supplemental Security Income payment amount
- ☐ Information about benefits/payments I received from_____ to _____
- ☐ Information about my Medicare claim/coverage from_____ to _____ (specify) _____
- ☒ Medical records
- ☐ Record(s) from my file (specify) _____

- ☐ Other (specify) _____

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian.  I know that if I make any representation which I know is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

Signature: _____
(Show signatures, names, and addresses of two people if signed by mark.)
Date: _____   Relationship: _____

Form SSA-3288  (5-2007) EF (5-2007)

# MEDICAL AUTHORIZATION
## FOR THE RELEASE OF PSYCHOTHERAPY NOTES

PATIENT NAME: Melissa Mitchell

TO: _____

ADDRESS: _____

      Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, the above-referenced health care provider is hereby authorized to release to Dinsmore & Shohl, LLP, 250 West Main Street, Suite 1600, Lexington, Kentucky 40507, or any of its partners, employees, representatives or agents, **all psychotherapy notes** concerning Melissa Mitchell. A photostatic copy hereof shall be as valid as the original authorization. The cost to photocopy said records are to be charged to Dinsmore & Shohl, LLP.

      The purpose of this authorization and request is to obtain medical records pertaining to the patient's mental/psychotherapy condition and treatment, which may be relevant as it pertains to a certain personal injury litigation. This authorization expires at the conclusion of said litigation. The aforementioned expiration date has not passed, as this litigation is ongoing.

      The patient has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the above-referenced health care provider. The patient understands that a revocation will not have any effect on any actions the above-referenced health care provider took before it received the revocation. If the authorization was obtained as a condition of obtaining insurance coverage, the patient understands that the revocation will not affect the insurer's legal rights to contest a claim under the policy or the policy itself.

      The above-referenced health care provider may not condition treatment, payment, enrollment or eligibility for benefits on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

      Dated this the __ day of _____ , 2011.

_____
Melissa Mitchell

SSN: _____

DOB: _____

STATE OF _____ )
                  )
COUNTY OF _____ )

      The foregoing instrument was acknowledged before me by Melissa Mitchell on this ____ day of _____ _____, 2011.

      My Commission expires: _____

_____
NOTARY PUBLIC

MONTGOMERY CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 11-CI-90244

MELISSA MITCHELL and
DARVIN MITCHELL                                                    PLAINTIFF

v.

WAL-MART STORES, INC                                               DEFENDANT

## REQUEST FOR ADMISSION

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart'), by counsel, pursuant to CR 36 of the

Kentucky Rules of Civil Procedure, requests the Plaintiffs, Melissa Mitchell and Darvin

Mitchell, to answer the following request for admission within thirty (30) days of the date this

request is served on the Plaintiff.

**REQUEST NO. 1:**    Please admit that you will not seek damages in excess of $75,000,

exclusive of interest and costs, at the trial of this matter.

**RESPONSE:**

Respectfully submitted,

Christopher R. Cashen
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
859-425-1000

Counsel for Wal-Mart Stores, Inc

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by U. S. Mail, on this the _18_ day of _Oct_, 2011:

Tad Thomas
1800 Kentucky Home Life Building
230 South Fifth Street
Louisville, Kentucky 40202
Counsel for Plaintiffs

_____
COUNSEL

425825v1

NO. 11-CI-90244                                      MONTGOMERY CIRCUIT COURT
                                                                  DIVISION I

MELISSA MITCHELL and                                         PLAINTIFFS
DARVIN MITCHELL

                    **PLAINTIFFS' ANSWERS TO DEFENDANT'S FIRST SET OF**
v.                           **REQUEST FOR ADMISSIONS**

WAL-MART STORES, INC.                                    DEFENDANTS

                                    *****

        Come the Plaintiffs, Melissa Mitchell and Darvin Mitchell, by and through

counsel, and for their Answers to the Defendant's First Set of Request for Admissions,

and state as follows:

        **REQUEST NO. 1:**  Please admit that you will not seek damages in excess of

$75,000, exclusive of interest and costs, at the trial of this matter.

        **REPONSE:**  Denied.

                                            Respectfully submitted,


                                            TAD THOMAS
                                            1800 Kentucky Home Life Building
                                            239 South Fifth Street
                                            Louisville, KY 40202
                                            (502) 473-6540

                                            Counsel for Plaintiffs


                                                        OCT 2 0 2011

                                        1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via U.S. mail on the ___19___ day of October 2011 to the following:

Hon. Chris Cashen
Dinsmore & Shohl, LLP
Lexington Financial Center
250 West Main Street
Suite 1400
Lexington, KY  40507
*Counsel for Defendant*

Tad Thomas